REGAN, Judge.
Plaintiff, Vernon E. Reaney, Jr., instituted this suit against the defendant, Clifford Mabry, endeavoring to recover the sum of $359.57, representing property damage incurred on February 26, 1956, at 7:30 a. m. as a result of an intersectional collision in Mandeville and Ur.quhart Streets, in the City of New Orleans, between plaintiff’s Ford and defendant’s Mercury automobile.
Defendant answered and admitted the occurrence of the accident but asserted that the proximate cause thereof was the negligence of the plaintiff in failing to maintain a proper lookout and in the alternative pleaded the contributory negligence of the plaintiff. Defendant then reconvened claiming the sum of $354.90, representing property damage incurred by his vehicle.
From a judgment dismissing both the main and the reconventional demands only plaintiff has prosecuted this appeal. The defendant has neither appealed nor answered the appeal, and therefore that phase of the matter is not posed for our consideration.
The intersection of Mandeville and Urquhart Streets is what has been colloquially designated as a blind intersection, and both are two-way streets. Plaintiff in relating his version of the accident asserted that he was operating his vehicle in Mandeville Street moving from the lake toward the river at a speed of approximately twenty miles per hour. Prior to reaching the intersection, he sounded his horn, looked in both directions, and then drove into the intersection; when he was more than halfway across he observed defendant’s car about fifteen feet away, and he then “ducked down on to the seat to avoid being *842 thrown out” since he knew that a collision was imminent. The car occupied by the plaintiff was thrown on to the sidewalk of the downtown river corner of the intersection resulting in the property damage which is the subject matter of this litigation.
The defendant in relating his version of the accident asserted that he was operating his vehicle in Urquhart Street, moving in the general direction of the Industrial Canal at a speed of less than twenty miles per hour, and that upon reaching the intersection he slowed his speed, looked in both directions, observed no vehicle approaching, and then drove into the intersection. When he was almost across the intersection, his vehicle struck the right door and fender of the plaintiff’s vehicle.
It is conceded that neither party observed the approach of the other. The trial judge was obviously of the opinion, since he dismissed both the main and re-conventional demands, that both the plaintiff and defendant were guilty of joint and concurring negligence proximately causing the accident inasmuch as they failed to maintain a proper lookout and to have their vehicles under control. Our examination of the record fails to reveal any error in his legal or factual conclusions. The record discloses that the respective operators of the vehicles involved in the collision were the only witnesses to the accident. An analysis of their testimony convinces us that both automobiles approached this blind intersection without regard as to the possible existence of the other until a split second before the collision became imminent. It is our opinion that under these circumstances both operators were guilty of negligence in failing to exercise that degree of caution commensurate with the blind characteristics which this intersection exemplified; and, therefore, there can be no recovery for property damage incurred by either litigant. The supreme rule of the road is the rule of mutual forbearance, especially when the respective vehicles are approaching or entering a blind intersection.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.